UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| Bethany Scaer<br><br>        Plaintiff,<br><br>v.<br><br>Alison V. Mastin, Kearsarge Regional School Board and Kearsarge Regional School District (SAU #65)<br><br>        Defendants. | Case No. 1:25-cv-00183-JL-TSM |

## **DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT**

## **JURY TRIAL DEMANDED**

Defendants demand a jury trial on all claims so triable.

### INTRODUCTION

Plaintiff's introduction is a summary of her Complaint to which no response is required. That said, Plaintiff presents an abbreviated version of events in an effort to frame legal issues in a favorable light. Plaintiff's actual actions went beyond those presented to the Court and the Board's restrictions on her speech came only after she ignored multiple attempts to limit her personal attacks on a student present at the meeting, at whom she was pointing while commenting on the student's body and physique. The Board's actions in limiting these actions did not violate Plaintiff's rights.

### THE PARTIES

1. Defendants admit that Bethany R. Scaer is a natural person living in Nashua, New Hampshire. Defendants lack sufficient information to admit or deny the remaining allegations of this paragraph and therefore deny same.

1

2. Defendants admit the factual allegations contained in this paragraph.

3. Defendants admit the factual allegations contained in this paragraph.

4. Defendants admit the factual allegations contained in this paragraph.

## JURISDICTION AND VENUE

5. This paragraph is a statement of jurisdiction to which no response is required. Defendants do not contest jurisdiction.

6. This paragraph is a statement of venue to which no response is required. Defendants do not contest venue.

## STATEMENT OF FACTS

*Kearsarge Regional School District Policies on Public Comments*

7. Defendants admit that the Kearsarge Regional School Board has a policy addressing public conduct on school property titled as alleged.

8. Defendants deny the allegations of the first sentence of this paragraph. Further answering, Exhibit A appears to include artifacts that are not part of the cited policy. Defendants admit that the policy is available on the District's website.

9. Defendants admit that the language quoted in paragraph 9 is indeed contained in Policy BEDH.

10. Defendants admit that the language quoted in paragraph 10 is indeed contained in Policy BEDH.

11. Defendants admit that the language quoted in paragraph 11 is indeed contained in Policy BEDH.

12. Defendants admit that the language quoted in paragraph 12 is indeed contained in Policy BEDH.

13. Defendants admit that the language quoted in paragraph 13 is indeed contained in Policy BEDH.

*The Controversy around House Bill 1205*

14. Admitted.

15. Admitted. Defendants admit that the New Hampshire Legislature passed, and the Governor signed, House Bill 1205 in or around July 2024. This bill prohibits participation in interscholastic women's sports teams by transgender players.

16. Defendants lack sufficient information to admit or deny the allegations of ¶16 and therefore deny same.

17. Admitted.

18. Admitted.

19. Admitted.

*The August 29 School Board Meeting*

20. Admitted.

21. Defendants admit that Plaintiff and her husband attended the August 29, 2024, Kearsarge Regional School Board meeting. However, Defendants lack sufficient information to admit or deny Plaintiff's intent and therefore deny the remaining allegations in this paragraph.

22. Defendants admit the first sentence of this paragraph. Defendants admit that some attendees displayed signs in the parking lot and carried them into the meeting room. Defendants lack sufficient information to admit or deny the remaining allegations of this paragraph.

23. Admitted.

24. Admitted.

25. Admitted.

26. Defendants admit that 17 people addressed the board during public comment and that only Plaintiff's time was restricted.

27. Admitted, but Defendants do not adopt the gender pronouns used by Plaintiff.

28. Defendants admit that most commenters spoke in favor of allowing MJ to compete in the upcoming soccer season and that some expressed support for MJ, sharing personal interactions with the student. However, all other allegations in this paragraph are denied.

29. Admitted.

30. Admitted.

31. Defendants admit the first and third sentences of this paragraph. Defendants lack sufficient information to admit or deny the second sentence of this paragraph.

32. Admitted.

33. Defendants admit that, instead of reading aloud from an article, Plaintiff began speaking about MJ. Defendants lack sufficient information to admit or deny the rest of the allegations and therefore deny same.

34. Admitted.

35. Defendants lack sufficient information to admit or deny the first sentence but admit the remaining allegations of this paragraph.

36. Defendants admit that during her comments, Plaintiff pointed at MJ and said, "Look at him," referring to MJ as a "tall boy." They also note these were not her only comments or gestures referencing MJ.

37. Admitted.

38. Defendants admit that MJ is close to six feet tall but deny the claim that MJ has "considerable musculature." Defendants lack sufficient information to admit or deny the remaining allegations and therefore deny same.

39. Denied.

40. Defendants admit that Masten provided Plaintiff with two to three warnings, reminding her of the no-derogatory-comments policy announced at the start of public comment. When Plaintiff did not stop, Masten ruled her out of order and declared her remaining time forfeited. The remaining allegations are denied.

41. Defendants admit that Masten did not detail the exact conduct that violated the no-derogatory-comments policy on August 29. However, it appeared obvious that Plaintiff's comments and pointing were improper, and she appeared intent on continuing. Defendants lack sufficient information to admit or deny what Plaintiff later claims to have "learned" and therefore deny same.

42. Defendants admit that some audience members applauded when Masten enforced the policy against Plaintiff. All other allegations in the paragraph are denied.

43. Denied.

44. Defendants admit that Plaintiff submitted a copy of a New Hampshire Journal article at the meeting. Defendants lack sufficient information to admit or deny the remaining allegations of this paragraph and therefore deny same.

45. Defendants deny the allegations. Further answering, the School Board voted 5–1, with one abstention, to follow Title IX, RSA 354-A, and NHIAA guidelines permitting MJ to compete on the girls' soccer team. The second sentence of this paragraph is admitted.

*The Aftermath of the August 29 Meeting*

46. Admitted.

47. Defendants lack sufficient information to admit or deny the allegations of ¶47 and therefore deny same.

48. Defendants admit that Plaintiff complained at the October meeting about the August 29 minutes but otherwise deny all other allegations in this paragraph.

49. Defendants admit that on October 24, Plaintiff urged the district to follow HB 1205 rather than the nondiscrimination laws under Title IX and RSA 354-A. Defendants also admit that Plaintiff did not name MJ or comment on MJ's appearance. Defendants deny all other allegations due to insufficient information.

50. Defendants lack sufficient information to admit or deny the first sentence and therefore deny same. The second sentence is admitted. Defendants admit they had no authority to prevent MJ's father from attending games and acknowledge that some parents complained about his presence. The final sentence is denied for lack of information.

51. Admitted, the Board later published a more complete version of the August 29 minutes, as shown in Exhibit C.

52. Admitted.

53. Denied. Further answering, the District, consistent with its prior decisions, continued to follow Title IX as revised by the federal administration.

*The Impact of Defendants' Actions on Plaintiff*

54. Defendants lack sufficient information to admit or deny the allegations of ¶54.

55. Defendants admit the School District changed its transgender sports policy twice in 2024 but lack sufficient information to admit or deny the second sentence.

56. Defendants lack sufficient information to admit or deny the allegations of ¶56 and therefore deny same.

57. Defendants lack sufficient information to admit or deny the allegations of ¶57 and therefore deny same.

58. Defendants lack sufficient information to admit or deny the allegations of ¶58 and therefore deny same.

59. Defendants lack sufficient information to admit or deny the allegations of ¶59 and therefore deny same.

60. Defendants lack sufficient information to admit or deny the allegations of ¶60 and therefore deny same.

61. Defendants lack sufficient information to admit or deny the allegations of ¶61 and therefore deny same.

62. Defendants lack sufficient information to admit or deny the allegations of ¶62 and therefore deny same.

63. Defendants deny that audience members hissed, jeered, or made similar noises or that such conduct was allowed by Masten.  Defendants deny the remaining allegations of this paragraph for lack of information.

64. Defendants deny the first sentence due to lack of information and deny all further allegations.

65. Defendants lack sufficient information to admit or deny the allegations of ¶65.

66. Defendants lack sufficient information to admit or deny the allegations of ¶66.

## COUNT ONE
### VIEWPOINT DISCRIMINATION, FACIALLY AND AS APPLIED
### U.S. CONST. AMENDS. I, XIV, 42 U.S.C. § 1983

67. The Defendants repeat the answers set forth in paragraphs 1-66 as if fully set forth herein.

68. This paragraph is a statement of law to which no response is required.

69. This paragraph is a statement of law to which no response is required.

70. This paragraph is a statement of law to which no response is required.

71. This paragraph is a statement of law to which no response is required.

72. Defendants deny all factual allegations. The remainder of this paragraph is a legal statement and does not require a response.

73. Defendants deny all factual allegations. The remainder of this paragraph is a legal statement and does not require a response.

74. Denied.

## COUNT TWO
### UNREASONABLE RESTRICTION, FACIALLY AND AS-APPLIED
### U.S. CONST. AMENDS. I, XIV, 42 U.S.C. § 1983

75. Defendants repeat the answers set forth in paragraphs 1-74 as if fully set forth herein.

76. This paragraph is a statement of law to which no response is required.

77. This paragraph is a statement of law to which no response is required.

78. Denied.

COUNT THREE
VAGUENESS AND EXCESSIVE ENFORCEMENT DISCRETION – SPEECH CODE
U.S. CONST. AMENDS. I, XIV, 42 U.S.C. § 1983

79. Defendants repeat the answers set forth in paragraphs 1-78 as if fully set forth herein.

80. This paragraph is a statement of law to which no response is required.

81. This paragraph is a statement of law to which no response is required.

82. Denied.

COUNT FOUR
OVERBREATH – SPEECH CODE, U.S. CONST. AMENDS. I, XIV, 42 U.S.C. § 1983

83. Defendants repeat the answers set forth in paragraphs 1-82 as if fully set forth herein.

84. This paragraph is a statement of law to which no response is required.

85. Denied.

86. Denied.

87. Denied.

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiff failed to mitigate her damages.

**THIRD AFFIRMATIVE DEFENSE**

Defendants are immune from liability pursuant to Qualified Immunity and/or under *Monell v. Dept. of Social Services of New York.*

9

### **FOURTH AFFIRMATIVE DEFENSE**

Plaintiff's damages, if any, are the result of her own actions.

### **FIFTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are moot.

### **SIXTH AFFIRMATIVE DEFENSE**

Defendants acted in good faith at all times.

### **SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by the doctrine of unclean hands.

Defendants reserve the right to supplement the defenses as discovery continues.

    Respectfully submitted,

    ALISON V. MASTIN,
    KEARSARGE REGIONAL SCHOOL BOARD and
    KEARSARGE REGIONAL SCHOOL DISTRICT
    (SAU #65)

    By their attorneys,

    CULLEN COLLIMORE SHIRLEY PLLC

Dated: June 27, 2025    /s/ Brian J.S. Cullen
    Brian J.S. Cullen, NH Bar 11265
    Jonathan M. Shirley, NH Bar 16494
    37 Technology Way, Suite 3W2
    Nashua, NH 03060
    (603) 881-5500
    bcullen@cullencollimore.com
    jshirley@cullencollimore.com

## **CERTIFICATE OF SERVICE**

  I certify that a copy of this filing was served via the Court's ECF filing system upon counsel of record.

Dated:  June 27, 2025        /s/ Brian J.S. Cullen
                Brian J.S. Cullen